CSD 1171.2 [04/06/11]
Name, Address, Telephone No. & I.D. No.

Kyle E. Pietrzak, Esq.     (SBN 268739)
DOAN LAW FIRM, LLP
320 E. Second Ave, Ste. 108
Escondido, CA 92025
tel   (760)746-4476

Attorney for Debtor

**Order Entered on
May 18, 2011
by Clerk U.S. Bankruptcy Court
Southern District of California**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

Abraham Fetalvero

Debtor.

BANKRUPTCY NO. 10-21316-PB13

Date of Hearing: March 16, 2011
Time of Hearing: 1:00 pm
Name of Judge:   Hon. Judge Meyers

## ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID JUNIOR LIEN OF
### GMAC Mortgage, its successors, heirs, and/or assigns

*(Affected Lien Holder)*

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through ___3___ with exhibits, if any, for a total of __7__ pages, is granted. Motion/Application Docket Entry No. ___11___

//

//

//

//

//

//

DATED:

May 17, 2011

Judge, United States Bankruptcy Court

CSD 1171.2

CSD 1171.2 [04/06/11] (Page 2)
ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID
JUNIOR LIEN OF _____GMAC Mortgage, its successors, heirs, and/or assigns_____
DEBTOR: Abraham Fetalvero                                                      CASE NO:10-21316-PB13

The Motion was filed in connection with confirmation of the Debtor's Chapter 13 Plan dated ____12/1/2010____

("Plan"), to value and avoid the junior deed of trust, mortgage or other encumbrance of _GMAC Mortgage,_

_its successors, heirs and/or assigns_____ ("Affected Lien Holder"), recorded on _____2/2/2006_____

as instrument number _____2006-0079138_____ in the official records of ____San Diego County Recorder____

("Affected Lien") encumbering the real property commonly known as: _8525 Jade Coast Drive, San Diego, CA 92126_

_____ ,

and more fully described as *(Insert legal description or attach exhibit)* _LEGAL DESCRIPTION ATTACHED HERETO_

_____ ("Property").

Associated Claim:

☐    The Affected Lien Holder filed a proof of claim on _____ assigned Claim No. _____, which

is associated with the Affected Lien ("Claim"); or

☑    As of the date of this Order, Affected Lien Holder has not filed a proof of claim associated with the Affected

Lien.

The Court having reviewed the Motion and supporting documents, finds that:

1.    Service of the Motion on the Affected Lien Holder appears to comply with Fed. R. Bankr. P. 7004 because it

was accomplished as follows:

☑    By certified mail addressed to a specifically named officer of the Affected Lien Holder under Rule 7004(h);

☐    Upon an individual under Rule 7004(b)(1);

☐    Upon a domestic or foreign corporation or upon a partnership or other unincorporated association under

Rule 7004(b)(3);

☐    Other: _____

2.    The Motion was:    ☐ Unopposed    ☐ Opposed    ☑ Settled by Stipulation

3.    The Property is valued at no more than $_____305,000.00_____;

4.    The total balance owing on the deeds of trust, mortgages or other liens encumbering the Property which are

senior in priority to the Affected Lien is $_____378,843.35_____, which exceeds the value of the Property and the

CSD 1171.2

*Signed by Judge James W. Meyers May 17, 2011*

CSD 1171.2 [04/06/11] (Page 3)
ORDER GRANTING DEBTOR'S MOTION TO VALUE REAL PROPERTY, TREAT CLAIM AS UNSECURED AND AVOID
JUNIOR LIEN OF _____ GMAC Mortgage, its successors, heirs, and/or assigns
DEBTOR: Abraham Fetalvero                                         CASE NO: 10-21316-PB13

Affected Lien is wholly unsecured.

Therefore, the Claim may be satisfied through the Plan as an unsecured claim pursuant to 11 U.S.C. §§ 506(a)

and 1322(b)(2);


IT IS ORDERED THAT:


1.   The Claim will be paid pursuant to the Plan as a non-priority general unsecured claim to the extent allowed.  If

Affected Lien Holder has not filed a proof of claim, and the deadline to file unsecured claims has expired, Affected Lien

Holder has an extension of the deadline until 60 days after the date of entry of this Order;


2.   Upon completion of payments under the confirmed Plan and entry of the resulting discharge, the Affected

Lien will be deemed fully satisfied, and Affected Lienholder is required to reconvey and release the Affected Lien.  If the

Affected Lien Holder fails to release the Affected Lien within the time required by applicable state law, the Debtor may file

a motion requesting an order to extinguish the Affected Lien;


3.   If this case is dismissed or converted to Chapter 7, the Affected Lien Holder shall retain its lien for the full

amount due under the corresponding note;


4.   That Debtor's counsel is authorized to add, in connection with Plan Confirmation, the guideline fee as

reflected in the Rights and Responsibilities Statement for motions of this type and costs subject to proof.  This

determination is without prejudice to Debtor's counsel's right to seek additional fees through fee application.


5.   Additional provisions:

Additional provisions as set forth in Stipulation Re: Avoidance of Lien, filed 4/14/2011 (Doc. #25) attached
hereto


CSD 1171.2

*Signed by Judge James W. Meyers May 17, 2011*

Order No. 720778-16

**6390**

## Exhibit "A"

Lot 1125 Mira Mesa Verde unit No. 10, in the City of San Diego, County of San Diego, State of California, according to map thereof no. 6571, filed in the office of the County Recorder Of San Diego County, January 13, 1970.

EXHIBIT A

*Signed by Judge James W. Meyers May 17, 2011*

BENJAMIN H. ADAMS (CA SBN 272909)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for GMAC MORTGAGE, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re

ABRAHAM MARTINEZ FETALVERO,

Debtor.

Case No. 10-21316-PB-13

Chapter 13

STIPULATION RE: AVOIDANCE OF LIEN

This Stipulation is entered into by and between ABRAHAM MARTINEZ FETALVERO (hereinafter referred to as "Debtor"), by and through his attorney of record, Kyle Pietrzak; and GMAC Mortgage, LLC (hereinafter referred to as "Creditor"), by and through its attorney of record Pite Duncan, LLP.

## RECITALS

A.      Debtor is the makers of a Note in favor of Creditor dated, in the original principal amount of $47,500.00 ("Note"), which is secured by a Second Deed of Trust encumbering the real property at 8525 Jade Coast Dr, San Diego California 92126 (the "Subject Property"). The Subject Property is more fully described in the Deed of Trust attached hereto as exhibit "A", which is incorporated herein by this reference. The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B.      On or about December 1, 2010, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California, and was assigned Case No. 10-21316-PB-13.

C.      On or about December 22, 2010, Debtor filed a Motion to Value Collateral praying that the court find Creditor's Second Deed of Trust encumbering the Subject Property be avoided and

- 1 -

1    that its claim be paid as an unsecured.

2    FOR PURPOSES OF THE DEBTORS CHAPTER 13 PLAN ONLY THE PARTIES HEREBY

3    STIPULATE AND AGREE TO AN ORDER AS FOLLOWS:

4        1.    Creditor's claim shall be allowed as a non-priority general unsecured claim in the

5    amount of $47,123.69.

6

7        2.    The avoidance of Creditor's Second Deed of Trust is contingent upon the Debtor's

8    completion of his Chapter 13 plan and the Debtor's receipt of a Chapter 13 discharge.

9        3.    Upon receipt of the Debtor's Chapter 13 discharge and completion of his Chapter 13

10    Plan, this Judgment may be recorded by the Debtor with the San Diego County Recorder's Office;

11        4.    Creditor shall retain its lien for the full amount due under the Subject Loan in the

12    event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's

13    Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

14        5.    In the event that the holder of the first lien on the Subject Property forecloses on its

15    security interest and extinguishes Creditor's Second Deed of Trust prior to the Debtor's completion

16    of his Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the

17    surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time

18    of the sale; and

19    /./.

20    /./.

21    /./.

22    /./.

23    /./.

24    /./.

25    /./.

26    /./.

27    /./.

28    /./.

- 2 -

1   6.  Each party shall bear their own attorneys' fees and costs incurred in the present

2 stipulation in bankruptcy case number 10-21316-PB-13.

3 IT IS SO STIPULATED:

4

5 Dated: 3 / 15 / 11       By: _____

6              KYLE PIETRZAK
               Attorney for Debtor(s)

7

8          PITE DUNCAN, LLP

9

10 Dated: March 14, 2011 _____  By:/s/ Benjamin H. Adams (CA SBN 272909)
             BENJAMIN H. ADAMS

11            Attorney for Creditor

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28